**UNITED STATES COURT OF FEDERAL CLAIMS**

**CASE NO. 99-197-T**

**THE HONORABLE FRANCIS M. ALLEGRA**

**NEW DYNAMICS FOUNDATION, PLAINTIFF**

**V.**

**UNITED STATES OF AMERICA, DEFENDANT**

# PLAINTIFF'S BRIEF REGARDING THE STANDARD OF REVIEW AND POTENTIAL EFFECTIVE DATE THAT PLAINTIFF MAY QUALIFY FOR TAX EXEMPT STATUS

**R. TODD LUOMA**
**Law Offices of Richard Todd Luoma**
**3600 American River Drive, Suite 135**
**Sacramento, CA 95864**
**(916) 971-2440 (voice)**
**(916) 971-2444 (fax)**

## TABLE OF CONTENTS

Table of Contents . . . . . . . . . . i

Table of Authorities . . . . . . . . . . ii

I. Issues . . . . . . . . . . 1

II. Argument . . . . . . . . . . 2

A. The Standard of Review is *De Novo* . . . . . . . . . . 2

B. The Court May Decide the Date that Plaintiff Should be Granted Tax-Exempt Status . . . . . . . . . . 5

III. Conclusion . . . . . . . . . . 6

## TABLE OF AUTHORITIES

**CASES:**

*Airlie Foundation v. Internal Revenue Service*, 283 F. Supp. 2d 58, 61 (D. D.C. 2003)) . . . . . . . 3

*American Campaign Academy v. Commissioner*, 92 T.C. 1053, 1063 (1989) . . . . . . . . . . . . . . . 3

*Basic Unit Ministry of Alma Karl Schurig v. United States*, 511 F. Supp. 166, 168 (D. D.C. 1981), *aff'd per curiam*, 670 F.2d 1210 (D.C. Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Big Mama Rag, Inc., v. United States*, 494 F. Supp. 473, 474 (D. D.C. 1979), *rev'd on other grounds*, 631 F.2d 1030 (D.C. Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Church of the Visible Intelligence v. United States*, 4 Ct. Cl. 55. 60 (1983) . . . . . . . . . . . . . . . 3, 4

*Easter House v. United States*, 12 Cl. Ct. 476, 482 (1987)) . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*First Libertarian Church v. Commissioner*, 74, T.C. 396, 397-398 (1980) . . . . . . . . . . . . . . . 3, 4

*Houston Lawyer Referral Service, Inc., v. Commissioner*, 69 T.C. 570, 577 (1978) . . . . . . . . . . 3

*Presbyterian & Reformed Publishing Co. v. Commissioner*, 79 T.C. 1070 (1982), *rev'd,* 743 F.2d 148 (3rd Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*St. Matthew Publishing Co. v. United States*, 41 Fed. Cl. 142, 1455-146 (1998) . . . . . . . . . . . . 4

*The Fund for the Study of Economic Growth and Tax Reform v. Internal Revenue Service*, 161 F.3d 755 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Virginia Professional Standards v. Blumethal*, 466 F. Supp. 1164, 1168 (D. D.C. 1979) . . . . . . 3

**STATUTORY PROVISIONS:**

Section 501(c)(3), Internal Revenue Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Section 7428, Internal Revenue Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

Section 7805(b), Internal Revenue Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| NEW DYNAMICS FOUNDATION, Plaintiff, | **CASE NO. 99-197-T** |
| v. | **The Honorable Francis M. Allegra** |
| UNITED STATES OF AMERICA, Defendant. | |

# PLAINTIFF'S BRIEF REGARDING THE STANDARD OF REVIEW AND POTENTIAL EFFECTIVE DATE OF TAX-EXEMPT STATUS

## I.

## ISSUES

At the conclusion of the hearing and by order dated June 6, 2005, the Court requested that the parties file a limited brief of no more than ten pages to address two issues; i.e., (1) what the standard of review is for a case under Section 7428 of Title 26 of the United States Code in the Court of Federal Claims; and (2) whether the Court may, if it so determines, enter judgment in favor of plaintiff finding a date other than the initial application date that plaintiff qualified as a tax-exempt organization.

The short answer to each of these questions are as follows. The standard of review for this Court to determine whether plaintiff qualified as a tax-exempt organization is a *de novo* review. In addition, if the Court determines that plaintiff did not qualify as an exempt organization as of the initial date of its application, the Court may choose another date along the continuum from the date

of application up to and including the date of the final administrative determination by the Internal Revenue Service denying plaintiff tax-exempt status.

## II.

## ARGUMENT

### A. <u>**The Standard of Review is *De Novo***</u>

During the course of the oral argument, the Court specifically asked counsel for each party what the standard of review was since it appeared that the law governing the declaratory relief provided for in Section 7428 of the Internal Revenue Code was unsettled. Counsel for plaintiff asserted, and now retracts, that the standard of review for such cases was abuse of discretion. Based on further review of the authorities, plaintiff now contends that this Court should find that, in the case of a review of the government's denial of an initial application for tax-exempt status, the standard is *de novo* rather than an abuse of discretion.

As the Court is aware, Section 7428 of the Internal Revenue Code authorized three different courts the jurisdiction to determine whether declaratory relief should issue in two types of cases involving the tax-exempt status of organizations. The three courts are the United States Tax Court, the United States Court of Federal Claims and the United States District Court for the District of Columbia. The two types of cases that the three courts can hear under Section 7428 are declaratory relief actions where the Internal Revenue Service denied an initial application for exempt status (as in this case) and where the Internal Revenue Service revoked a prior-issued determination letter allowing tax-exempt status to an organization.

Since the case at bar involves the Internal Revenue Service's denial of plaintiff's initial application for tax-exempt status, the argument will be confined to those types of cases.

Two of the three courts having concurrent jurisdiction over these declaratory relief actions have reached different conclusions with regard to the standard of review. See *The Fund for the Study of Economic Growth and Tax Reform v. Internal Revenue Service*, 161 F.3d 755 (D.C. Cir. 1998). Without ruling on the proper standard of review for such a case, the Circuit Court of Appeals for the District of Columbia noted that

> "There appears to be confusion abut the standard under which lower courts review IRS determinations of tax exemptions under 26 U.S.C. § 7428 in terms of whether there ought to be any deference given to the IRS. There are cases holding that the standard of review is *de novo*. See, *e.g.*, *Basic Unit Ministry of Alma Karl Schurig v. United States*, 511 F. Supp. 166, 168 (D. D.C. 1981), *aff'd per curiam*, 670 F.2d 1210 (D.C. Cir. 1982). Other courts have said that the review is not *de novo*, but in the context of discussing the *scope* of review, rather than the *standard* of review. See, *e.g., American Campaign Academy v. Commissioner*, 92 T.C. 1053, 1063 (1989)." [Emphasis in the original.] *The Fund for the Study of Economic Growth and Tax Reform v. Internal Revenue Service*, 161 F.3d 755, 757, fn.5 (D.C. Cir. 1998).

While the District of Columbia Circuit did not rule on the propriety of the trial court's use of *de novo* review, it seems fairly clear that the District of Columbia District Court has continued to utilize the *de novo* review in initial application cases. See, *e.g., Airlie Foundation v. Internal Revenue Service*, 283 F. Supp. 2d 58, 61 (D. D.C. 2003). Moreover, the District of Columbia trial court has used the *de novo* standard since it was first authorized to decide initial application cases under Section 7428. See, *Big Mama Rag, Inc., v. United States*, 494 F. Supp. 473, 474 (D. D.C. 1979), *rev'd on other grounds*, 631 F.2d 1030 (D.C. Cir. 1980); *Basic Unit Ministry of Alma Karl Schurig,* 511 F. Supp. 166, 168 (D. D.C. 1981), *aff'd per curiam*, 670 F.2d 1210 (D.C. Cir. 1982). Thus, at least one of the three courts authorized to rule on these cases has selected *de novo* review as the standard.

On the other hand, there is the Tax Court. The Tax Court has stated that it will not review the administrative record in an initial application case on a *de novo* basis. See, *American Campaign Academy v. Commissioner*, 92 T.C. 1053, 1063 (1989), citing *Houston Lawyer Referral Service, Inc., v. Commissioner*, 69 T.C. 570, 577 (1978). See also, *First Libertarian Church v. Commissioner*, 74, T.C. 396, 397-398 (1980). But as noted by the District of Columbia Circuit in *The Fund for the Study of Economic Growth and Tax Reform v. Internal Revenue Service*, the discussion in the Tax Court in many cases is addressing the scope of review rather than the standard of review. *Id.* at 161 F.3d 755, 757, fn.5 (D.C. Cir. 1998).

It is clear that the scope of review for all three courts under Section 7428 is the administrative record. See *Church of the Visible Intelligence v. United States*, 4 Ct. Cl. 55. 60 (1983), citing *Virginia Professional Standards v. Blumethal*, 466 F. Supp. 1164, 1168 (D. D.C. 1979) and *Houston Lawyer Referral Service, Inc., v. Commissioner*, 69 T.C. 570, 577 (1978). Only on a showing of good cause will the courts permit additional evidence beyond the administrative record. See, *Easter House*

*v. United States*, 12 Cl. Ct. 476, 482 (1987); *First Libertarian Church v. Commissioner*, 74, T.C. 396, 398 (1980). The courts, however, should not confuse the "scope of review" with "standard of review." And the standard of review, according to the District of Columbia trial court is *de novo*.

With regard to the Court of Federal Claims, the cases are not clear how the Court defines the standard of review versus the scope of review. In *Easter House v. United States,* 12 Cl. Ct. 476, 482 (1987), the Court discussed the scope of review and the burden of proof. It did not articulate the standard of review in that case. It addressed "abuse of discretion" only in response to plaintiff's argument that the Internal Revenue Service abused its discretion. The court then addressed plaintiff's failure to meet its burden of proof. In another case, the court address the scope of review but not the standard of review. See *Church of the Visible Intelligence v. United States*, 4 Ct. Cl. 55. 60 (1983). Yet there does not appear to be a case that adequately discusses what the standard of review should be in initial application cases. In *St. Matthew Publishing Co. v. United States*, 41 Fed. Cl. 142, 1455-146 (1998) (a revocation case), the Court addresses the burden of proof and the scope and standard of review. When discussing initial application cases, however, the Court addresses the scope of review rather than the standard of review. The Court stated that "in an action for review of an initial determination, the decision will be made solely on the basis of the administrative record." *Id.* at 146. The Court did not discuss the standard of review in its own court; however, it noted that the District Court in the District of Columbia used a *de novo* standard of review. *Id.* at 146.[1]

Thus, it appears that the Court, in its comments during oral argument in this case, was correct in stating that it was not clear what the standard of review was for this type of case. Moreover, the Federal Circuit has not spoken on this issue. The Court now has an opportunity to set forth the Court of Federal Claim's standard of review for cases coming before it under Section 7428 when the government denies the initial application for tax-exempt status. This court should follow the District of Columbia District Court in using the *de novo* standard of review in determining whether plaintiff

---

[1] The Court in *St. Matthew Publishing Co*. confuses the cases it cites from the District of Columbia District as to whether they are revocation cases or initial application cases. While the Court states that they are revocation cases, they are actually initial application cases that have a standard of review of *de novo*.

is entitled to the relief requested in this case; i.e., whether New Dynamics Foundation is a qualified Section 501(c)(3) organization entitled to tax-exempt status. The reason that the Court should follow the District Court is that it is the only court that has articulated the standard of review without confusing it with the scope of review.

**B. <u>The Court May Decide the Date Plaintiff Should be Granted Tax-Exempt Status</u>**

The second issue the Court wanted addressed in this final brief is whether the Court could vary from the initial application date if it decided that plaintiff qualified as a tax-exempt organization. While there are no authorities from any of the courts authorized to address initial application cases, there is authority in a revocation case to which the Court could analogize this case and conclude that the Court has the discretion to chose the appropriate date.[2]

In a revocation case in the Tax Court, the issues to be decided were whether the organization's exempt status should be revoked, and if so, whether the Internal Revenue Service abused its discretion in making the revocation retroactive. See *Presbyterian & Reformed Publishing Co. v. Commissioner*, 79 T.C. 1070 (1982), *rev'd,* 743 F.2d 148 (3rd Cir. 1984). In discussing the retroactive revocation of the organization's exemption, the Tax Court addressed the authority given to the Internal Revenue Service under Section 7805(b) (and rules promulgated thereunder) of the Internal Revenue Code. *Id.* at 1087-1088. While Section 7805(b) and its rules apply only to revocation cases, the analysis of the Tax Court, however, in reaching a date other than the date selected by the Internal Revenue Service demonstrates that the courts reviewing these cases have the discretion to select any date along the continuum. For revocation cases, the courts may select any date along the continuum from the effective date of recommendation as determined by the Internal Revenue Service up until the date the

---

[2] While plaintiff argues that the Court can choose any other date in a continuum from the date of the initial application to the date of the final adverse determination, plaintiff continues to argue that it should be granted tax-exempt status from the initial date of application. While there may have been some "hiccups" along the early stages of the administrative process, those "hiccups" involving Bob Henkell should not be the end of the analysis of whether plaintiff is a qualified tax-exempt organization.

notice was issued.[3] For initial application dates, by extension of the court's authority exercised in *Presbyterian & Reformed Publishing Co. v. Commissioner,* the courts can choose any date from the initial application date up until the date of the final adverse determination.[4]

Thus, under the authority of the Tax Court's decision in *Presbyterian & Reformed Publishing Co. v. Commissioner*, this Court may, if it determines that plaintiff did not qualify as of the date of its initial application, find that it in fact qualified at a later time.

## III.

## CONCLUSION

For the foregoing reasons, the Court should utilize a *de novo* standard of review. Moreover, while making its decision under a *de novo* standard of review, if the Court determines that plaintiff is not entitled to exempt status as of the date of its initial application, and that the Court determines that plaintiff has established that it is entitled to such status at a later date, then the Court has the authority to make that decision and enter declaratory relief for plaintiff as of the date the Court determines that status should be granted.

Dated: July 18, 2005

/s/ R. Todd Luoma

R. Todd Luoma
Law Offices of Richard Todd Luoma
3600 American River Drive, Suite 135
Sacramento, CA 95864
(916) 971-2440
(916) 971-2444 (fax)

[3] In *Presbyterian & Reformed Publishing Co. v. Commissioner*, the Tax Court selected an alternate date after the government's attorney suggested a choice of dates in its brief.

[4] It is noted that the Third Circuit Court of Appeals reversed the Tax Court in *Presbyterian & Reformed Publishing Co. v. Commissioner*. The appellate court determined that the organization should retain its tax exempt status and reversed the Tax Court because the Tax Court agreed with the Internal Revenue Service that the status should be revoked.